# MARCH 7, 1945

GEORGE F. BOYD V. THE STATE.

No. 23076. Delivered March 7, 1945.

The opinion states the case.

*Kahn, Heidingsfelder & Wander* and *Henry E. Kahn,* all of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,*

172

Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted in a trial before the county judge for refusing admittance to a blind person and her "Seeing-Eye" dog into his public restaurant, and refusing to serve a meal to such blind person, who was thus accompanied by the "Seeing-Eye" dog, and he was fined the sum of $50.00.

We are convinced that the term "Seeing-Eye" dog has become a matter of common knowledge that such means a dog trained to lead a blind person about from place to place, and do the seeing for such person who has no power of sight.

This prosecution was based on Section 2 of H. B. 187, Chapter 387, p. 696, Acts of the Regular Session of the 48th Legislature.

Section 2 reads as follows:

"Blind persons and their 'Seeing-Eye' dogs shall not be denied admittance to any hotel, tourist cabin, public inn, or any other similar place because of such 'Seeing-Eye' dogs."

The caption of said H. B. No. 187 reads as follows:

"An Act providing all blind persons with 'Seeing-Eye' dogs shall be permitted on all common carriers for passengers in the State of Texas and providing there shall be no additional fare for such 'Seeing-Eye' dogs; providing said dogs shall be muzzled; providing the common carrier shall designate where said dog shall ride; prohibiting a denial of entry of said 'Seeing-Eye' dogs; providing a penalty for the violation of this Act; and declaring an emergency."

Evidently the caption does not give proper notice that it was the intention of the Legislature to punish people who refused to serve meals in a public inn or similar place to persons who were accompanied by "Seeing-Eye" dogs.

We are impressed with the idea that the caption of this bill gave notice that the legislation contemplated therein provided that blind persons accompanied by "Seeing-Eye" dogs had the right under the law to ride on common carriers in this State, and could take such dogs with them with no extra charge for the transportation of the dog, provided that such dog was

securely muzzled; also that the caption went further and declared that such dog should not be denied an entry into something. We think it clear that such entry could only refer to the vehicle of the common carrier, it being that which had been referred to in the phrase just preceding. We find no mention of any kind made relative to an entry or admittance to any hotel, tourist cabin, public inn, or any other similar place, nor to any refusal to allow any person in company with such dog to enter any such establishment, nor to any refusal to feed such person when accompanied by such dog.

We, therefore, hold that the caption of such bill, having no reference therein to an entry into aught but common carriers, that the inclusion of Section 2 of this bill, as above set forth, is violative of Article III, Section 35 of the State Constitution, and is therefore void and unenforceable. However, this holding only affects such Section 2 and leaves that portion thereof as unenforceable.

For the reasons stated, this judgment is reversed and the cause dismissed.